IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARMIN G. WAND, III,

                    Plaintiff,                    OPINION AND ORDER

    v.                                                        18-cv-500-wmc

CO JOHNSON, BECKY KRAMER,
JOLINDA WATERMAN, DR. J. PATTERSON,
ERICA BROWN, and SANDY MCARDLE,

                      Defendants.

*Pro se* plaintiff Armin G. Wand, III, a prisoner at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on claims that defendants CO Johnson, Becky Kramer, Jolinda Waterman, Dr. J. Patterson, Erica Brown and Sandy McArdle violated his rights under the Eighth Amendment and state law by delaying or failing to provide him with adequate medical care for his appendicitis and subsequent complications. This opinion and order resolves the following motions: (1) McArdle's motion for summary judgment on the ground that Wand failed to exhaust his administrative remedies with respect to his claim against her (dkt. #44) will be granted in part and denied in part; (2) Wand's motion to compel (dkt. #50) will be denied; (3) Wand's motion for judgment against McArdle for failure to respond to his motion to compel (dkt. #63) will be denied; (4) Wand's motion to put a hold on defendant Patterson's assets (dkt. #49) will be denied; (5) Wand's motions to amend (dkt. ##33, 42) will be granted; (6) Wand's motion for assistance in recruiting counsel (dkt. #17) will be denied without prejudice; and (7) Wand's three motions for extension (dkt. ##68, 71, 74) will be denied.

OPINION

I.  **Defendant McArdle's Motion for Summary Judgment on Exhaustion Grounds (dkt. #44)**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendant McArdle seeks judgment in her favor on Wand's claim that she violated his Eighth Amendment rights by (1) misdiagnosing his appendicitis as the flu, thus delaying

2

his treatment, and (2) cancelling Wand's follow-up appointments following Wand's appendectomy. To start, however, McArdle did not need to seek judgment on a claim that she misdiagnosed Wand, since Wand did not allege in his complaint that McArdle was involved in his care *before* his appendectomy. Indeed, the court only granted Wand leave to proceed against McArdle with respect to her alleged involvement in cancelling Wand's appointments *after* his appendectomy. (4/17/19 Order (dkt. #16) 8-9.) Wand asserts in his opposition materials that McArdle was "aware of [his] pain and suffering in his stomach, and failed to treat him with adequate medical care, which put [him] in the hospital in the ER to have his appendi[x] taken out." (Pl. Opp'n Br. (dkt. #53) 2.) However, Wand has not sought to amend his complaint to include allegations implicating McArdle in the initial delay of treatment. As such, the court will deny this aspect of McArdle's motion for summary judgment as unnecessary.

As for Wand's claim that McArdle cancelled his follow-up appointment, McArdle raises two grounds for relief: (1) Wand's only inmate complaint relating to McArdle's treatment, WSPF-2018-6395, was untimely, and (2) the complaint complained about the delays in treatment, not that his post-surgery appointments were cancelled. McArdle's second point is well-taken: WSPF-2018-6395 included allegations that another nurse misdiagnosed him with the flu rather than appendicitis. (*See* Wand Ex. 1-A (dkt. #53-1).) Wand does not dispute that he failed to submit an inmate complaint about his cancelled appointments, and instead argues that he should be excused from the exhaustion requirement based on the merits of his claim. However, a good faith, but incomplete attempt at exhaustion is insufficient, *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001),

3

and the potential merit of a claim is irrelevant when considering whether a prisoner adequately exhausted administrative remedies, *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Accordingly, McArdle has met her burden to prove that Wand did not exhaust his claim that she cancelled his follow-up appointments following his appendectomy. Therefore, her motion for summary judgment will be granted in part and denied in part. Wand's deliberate indifference against McArdle will be dismissed without prejudice, and the court will relinquish supplemental jurisdiction over Wand's related negligence claim against her as well. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015).

II. **Motions to Compel and for Judgment (dkt. ##50, 63)**

Wand has also filed a motion to compel, seeking an order requiring all defendants to respond to his discovery requests. However, defendants Johnson, Kramer and Waterman respond that they were never served with discovery requests, and that Wand instead chose to file his requests for admissions despite the Clerk of Court's August 29, 2019, letter explaining that discovery should not be filed with the court. (*See* dkt. #37.) These defendants further represent that Wand never attempted to resolve the dispute informally, as required by Federal Rule of Civil Procedure 37(a)(1). Defendant McArdle responds that Wand sent her discovery requests that were received on September 4, 2019, and that she timely responded, having placed her responses in the mail addressed to Wand on September 30, 2019. (Dkt. #61.) McArdle also further points out that Wand never attempted to resolve the discovery dispute informally, as required by Rule 37(a)(1). Wand

4

has not responded to defendants' representations, so the court infers that he does not dispute them. As such, Wand's motion to compel will be denied as premature. Wand is free to *serve* his discovery requests on defendants and re-file a motion to compel if defendants fail to respond after he attempts to resolve the dispute informally with them.

Relatedly, Wand seeks judgment against McArdle on the ground that her response to his motion to compel was untimely. However, McArdle filed her response on October 10, 2019, the deadline set by the court. (Dkt. #61.) Moreover, absent extreme circumstances not present here, an untimely response to a motion to compel is not a valid basis to grant judgment in a party's favor. Accordingly, Wand's motion for judgment against her is denied.

### III. Motion to put a hold on Patterson's assets (dkt. #49)

Next Wand seeks an order freezing James Patterson's bank account and placing a lien on his paychecks, house and car, on the ground that the Clerk of Court's Entry of Default against defendant Patterson (dkt. #43) entitles him to monetary damages against him. However, the entry of default does not entitle Wand to monetary damages against Patterson. Rather, Wand will need to succeed on a motion for default judgment, following the requirements of Federal Rule of Civil Procedure 55(b)(2). At this time, therefore, the court is denying this motion, subject to renewal if Wand is successful in pursuing a motion for default judgment pursuant to Rule 55(b)(2).

## IV. Motions to amend and correct (dkt. ##33, 42)

Wand seeks to correct the name of one defendant. He explains that he has learned that the defendant currently identified as "Erica Brown" is actually "Erica Rowan." The motion is granted. Wand also seeks to correct a portion of his amended complaint. He explains that in Section IV No. 10, he meant to allege that he was forced to walk to get his liquid meal, and when he went to dump his tray he was staggering and another prisoner ended up helping him with his tray. The court will accept this allegation, but it does not change the nature of the claims upon which he is proceeding, and the court will not require defendants to answer this allegation in his complaint.

## V. Motion for assistance in recruiting counsel (dkt. #17)

Wand asks for the court's assistance in recruiting counsel. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Wand has already satisfied these requirements.

However, Wand has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question

6

is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Wand seeks the court's assistance in recruiting counsel because this case is complex, involved medical care and requires expert testimony. Yet nearly all *pro se* litigants are untrained the law, and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing plaintiff's claims is well established, and at this point, it is not clear yet whether the case will turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

Furthermore, Ward advocates well for himself. His filings in this lawsuit suggest that he is capable of litigating this case without the help of an attorney, at least at this

7

stage. Indeed, his various motions illustrate that he is a motivated litigator, familiar with the Federal Rules of Civil Procedure and can track the filings and deadlines in this case closely. The fact that his motions do not succeed does not weigh in favor of recruitment of counsel. Accordingly, Ward's motion will be denied, but the denial will be without prejudice to his ability to renew his motion if, as this case proceeds, the legal and factual difficulty of this case exceeds his ability to litigate it alone.

VI. **Motions for Extension (dkt. ##68, 71, 74)**

Finally, Wand has filed three motions for extensions of time and for the court to deny defendant McArdle's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f). (Dkt. ##68, 71, 74.) In his first two motions he asked for extensions on the ground that he wants to find a jailhouse lawyer to help him (1) respond to defendant McArdle's reply brief in support of her motion for summary judgment and (2) file a reply brief in support of his motion for judgment against McArdle. Then in his most recent motion he explains that he has found the help of another inmate, who apparently wants an opportunity to oppose the motion. Yet the court has concluded that Wand adequately represented himself in his opposition to McArdle's motion for summary judgment, and, for the reasons explained above, there was no need for Wand to file a reply in support of his motion for judgment. Accordingly, these motions will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Armand Wand's motion for assistance in recruiting counsel (dkt. #17) is DENIED without prejudice.

2. Plaintiff's motions to correct (dkt. ##33, 42) are GRANTED, and defendant "Erica Rowan" is substituted for defendant Erica Brown. The Wisconsin Department of Justice may have until December 27, 2019, to notify the court whether it will accept service on behalf of Erica Rowan.

3. Defendant Sandra McArdle's motion for summary judgment (dkt. #44) is GRANTED in part and DENIED in part, as provided above. Plaintiff's claim against McArdle is DISMISSED without prejudice.

4. Plaintiff's motion related to Patterson's assets (dkt. #49) is DENIED without prejudice.

5. Plaintiff's motion to compel (dkt. #50) is DENIED.

6. Plaintiff's motions for extension (dkt. ##68, 71, 74) are DENIED.

Entered this 10th day of December, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge