IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN G. WAND, III,

                Plaintiff,                  OPINION AND ORDER

   v.                                                    18-cv-500-wmc

CO JOHNSON, BECKY KRAMER,
JOLINDA WATERMAN, DR. J. PATTERSON,
and ERICA BROWN,

                Defendants.

---

    *Pro se* plaintiff Armin G. Wand, III, a prisoner at the Wisconsin Secure Program Facility ("WSPF"), was granted leave to proceed in this lawsuit pursuant to 42 U.S.C. § 1983 on claims that the captioned defendants violated his rights under the Eighth Amendment and state law by delaying or failing to provide adequate medical care for his appendicitis, ruptured appendix,[1] and subsequent complications. This opinion and order resolves all pending motions as follows: (1) defendant Patterson's motion for summary judgment based on Wand's failure to exhaust his administrative remedies (dkt. #102) will be granted; (2) Wand's motions seeking leave to exhaust administrative remedies with respect to his unexhausted claims and related motions (dkt. ##107, 132, 134) will be denied; and (3) Wand's motion for assistance in recruiting counsel (dkt. #90) will be denied without prejudice.

---

[1] The court also granted Wand leave to proceed on similar claims against Sandy McArdle and Erica Rowan, but in December of 2019, the court granted McArdle's motion for summary judgment (dkt. #75), and Wand recently stipulated to dismissal of his claims against Rowan (dkt. #141).

OPINION

I. **Defendant Patterson's Motion for Summary Judgment on Exhaustion Grounds (dkt. #102)**

Wand claims Dr. James Patterson cancelled and failed to schedule necessary, follow-up appointments after his return to WSPF from a hospital stay on February 28, 2018. Patterson moves to dismiss this claim on the grounds that Wand did not exhaust his administrative remedies.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including the instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

2

Because exhaustion is an affirmative defense, however, the *defendant* bears the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Wand filed one inmate complaint related to how WSPF staff handled his appendicitis, WSPF-2018-6395. In that complaint, dated March 12, 2018, Wand alleged that on February 13, 2018, he went to the Health Services Unit ("HSU") complaining about stomach pain and vomiting, and Nurse Becky Kramer treated him for the flu. (Dkt. #106-2, at 11.) Wand further alleged that he was admitted to the hospital the next day for a ruptured appendix, and he was told that his appendix had ruptured on February 12, 2018. Wand also alleged that he was discharged from the UW Madison hospital on February 28, 2018. On April 3, 2018, the inmate complaint examiner ("ICE") recommended dismissal of the complaint, and the reviewing authority dismissed his complaint on April 9, 2018. (*Id.* at 9.) Wand appealed the dismissal, again raising concerns about how Kramer handled his complaints on February 13, 2018. (*Id.* at 19.) Wand's appeal was dismissed on April 27, 2018. (*Id.* at 9.)

Patterson argues that Wand failed to exhaust his administrative remedies with respect to any claim against him in WSPF-2018-6395 because: (1) Wand did not specifically name Patterson in that complaint; and (2) Wand did not allege that Patterson (or any health care provider) cancelled or failed to schedule an appointment for him. By itself, Wand's failure to name Patterson in WSPF-2018-6395 is not dispositive. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (explaining that a prisoner need not provide the names or descriptions of defendants in a grievance). However, Wand's failure to include *any* allegations suggesting that he had a problem with how WSPF staff handled

3

his treatment *once he returned from the hospital* does preclude his proceeding on that claim in this lawsuit, including against Patterson. Even though Wand was not required to "lay out the facts, articulate legal theories, or demand particular relief," *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004), to provide prison officials the opportunity to investigate his claim against Patterson, Wand had to articulate "the nature of the wrong for which redress is sought," *Strong v. David*, 297 F.3d 646, (7th Cir. 2002). Instead, Wand concluded both his inmate complaint and his appeal by alleging that he was discharged from the hospital on February 28, 2020. Given that Wand's allegations related *only* to Nurse Kramer's failure to send him to the hospital sooner, and not to any treatment *after* he arrived back at the institution, the allegations in WSPF-2018-6395 were insufficient in particular with regard to giving prison officials notice of his claim against Patterson.

Wand's arguments to the contrary are unsuccessful on this record. First, Wand disputes Patterson's assertion that WSPF-2018-6395 did not include a claim against him, but there is *no* evidence to support of that assertion. To the contrary, Wand points the court to his "Motion for Leave to Exhaust" (Pl. Resp. to Def. Proposed Findings of Fact (dkt. #114)), in which he expressly acknowledges *not* following the required procedures to exhaust his administrative remedies with respect to his claims against Patterson and another defendant, Nurse Practitioner McArdle. (*See* dkt. #107 ¶ 7.) Still, Wand asks that the court allow him to exhaust his claims against Patterson and McArdle, invoking Federal Rule of Civil Procedure 6(b)(1)(B) to support his request for additional time to do

4

so.[2] However, this rule only empowers federal courts to extend deadlines in proceedings before them; it does not grant this court authority to allow Wand to pursue an untimely inmate complaint using the DOC's inmate complaint review system.

Second, Wand insists that he should be allowed the opportunity to exhaust his claims against Patterson and McArdle because they have merit. Unfortunately, the potential merit of a claim is irrelevant when considering whether a prisoner exhausted his administrative remedies. *See Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits."). Accordingly, Wand's deliberate indifference clam against Patterson must be dismissed without prejudice, and the court will relinquish supplemental jurisdiction over Wand's related negligence claim against him as well. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015).

II. Motions for relief from judgment and to amend (dkt. ##132, 134)

Following a similar, misguided train of thought, Wand also asks that the court set aside its prior order dismissing his claim against Sandra McArdle without prejudice for failure to exhaust his administrative remedies. In this motion, Wand acknowledges his failure to exhaust, but now claims that on April 8, 2020, he filed an inmate complaint related to how McArdle mishandled his follow up care after his appendicitis surgery and

---

[2] Wand indicates that he also lodged a complaint about McArdle's removal of his staples and drainage tube and Patterson's removal of his drainage tube. However, as explained below, Wand is not proceeding on claims related to those allegations and may not add those claims to this lawsuit now.

hospital stay. Wand explains that this complaint was dismissed as untimely, as was his appeal. Wand also filed a proposed, second amended complaint, in which he maintains claims against Patterson and McArdle, and alleges that he has now exhausted his administrative remedies against both with respect to their follow up care. Again, unfortunately, Wand may not revive his claims against Patterson and McArdle in this lawsuit, and so the court will deny these motions.

As demonstrated by the immediate dismissal of Wand's April 2020 administrative complaint as untimely, the dismissal of his claim against McArdle (and now Patterson) may serve as the functional equivalent of a dismissal with prejudice if it is now too late to exhaust. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."). Wand does not suggest that his April 2020 inmate complaint -- submitted over two years after the relevant events -- satisfied the requirements of the DOC's inmate complaint review system. As such, the court will not set aside the judgment dismissing McArdle from this lawsuit, nor may Wand proceed against either Patterson or McArdle on the allegations sets forth in his second amended complaint, having failed to exhaust his administrative remedies timely.

Further, in his proposed, second amended complaint, Wand seeks to add new allegations, asserting that McArdle mishandled his staple removal. As explained in the Preliminary Pretrial Conference Order, if Wand wanted to amend his complaint, he was required to file a motion seeking leave to amend, along with a proposed amended complaint timely. (*See* dkt. #32, at 4.) Although this court grants motions to amend freely as justice

6

requires, district courts may deny leave to amend under Federal Rule of Civil Procedure 15(a) for undue delay, bad faith, undue prejudice to the opposing party, or futility. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Here, any amendment to asset new claims against McArdle regarding her actions *after* Wand's dismissal from the hospital likely suffer from the same futility problem for failure to exhaust. Regardless, Wand did not file a motion along with his second amended complaint, and his filings do not suggest that good cause supports his failure to seek leave to include these allegations until this stage in the lawsuit.

Given that the court granted Wand leave to proceed in this lawsuit on April 17, 2019, his delay is unjustified, and allowing Wand to amend at this point would unfairly prejudice defendants. Therefore, along with denying Wand's motion for relief from judgment dismissing McArdle, Wand may not proceed on new claims against her in his second amended complaint.

### III.     Motion for assistance in recruiting counsel (dkt. #90)

Finally, Wand renews his request for the court's assistance in recruiting counsel. As Wand was already advised, *pro se* litigants do not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must first meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). While Wand fulfilled these prerequisites, the court remains unconvinced that this

7

is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655.

Wand seeks the court's assistance in recruiting counsel because this case is complex, involved medical care and requires expert testimony. Wand is correct that this case may involve certain complex questions related to diagnosing appendicitis, but nearly all *pro se* litigants are untrained in the law, and many of them raise similar issues about medical care. Further, there is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). More practically, Wand advocates well for himself, as illustrated by his various motions and his recently filed motions for summary judgment, indicating that he is familiar with the materials facts related to his claims and will be able to respond to defendants' dispositive motions adequately. The fact that his motions do not all succeed does not weigh in favor of recruitment of counsel. For these reasons, the court concludes that at this stage in the lawsuit, Wand does not need an attorney to litigate his claims.

That said, given the nature of his claims, if this case requires more assistance at summary judgment or proceeds to trial, the court would be inclined to recruit counsel for

8

Wand, for purposes of mediation or to represent him through trial. For that reason, Wand's motion will be denied, but the denial will be without prejudice to his ability to renew it for cause shown if the court does not *sua sponte* decide to recruit counsel for him.

ORDER

IT IS ORDERED that:

1. Defendant James Patterson's motion for summary judgment on exhaustion grounds (dkt. #102) is GRANTED, and Wand's Eighth Amendment deliberate indifference and negligence claims against Patterson are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Armin Wand's motion for leave to exhaust administrative remedies (dkt. #107), and motion for relief from judgment and proposed amended complaint (dkt. ##132, 134) are DENIED.

3. Plaintiff's motion for assistance in recruiting counsel (dkt. #90) is DENIED without prejudice.

Entered this 2nd day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge