UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

FILE NUMBER

ARMIN WAND, III,                    NOTICE OF APPEAL

          Plaintiff,

    Vs.

BECKEY KRAMER, et al.,

          Defendants.

          Notice is hereby given that Armin Wand, III, Pro se, Plaintiff in the above named case, hereby appeal to the United States court of appeals for the Seventh Circuit from an order 1. Defendant Patterson's Motion for summary judgment on exhaustion grounds, 2. ~~———~~ Denying Plaintiffs Motion for relief from final judgment, 3. Judicial error entered in this action on June 2, 2020.

Dated this 27th day of June, 2020.

Respectfully submitted,

Armin Wand III
Armin Wand III #380173
Pro se
WSPF - P.O. Box 1000
Boscobel, WI. 53805

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

ARMIN WAND III,

                    Plaintiff,

            Vs.                                    Case No. 18-CV-500-WMC

BECKEY KRAMER, et al.,

                    Defendants.

AFFIDAVIT OF ARMIN WAND III

STATE OF WISCONSIN }
                                        } SS.
COUNTY OF GRANT }

        Armin Wand III, being first duly sworn to under oath, deposes as follows:

        1. I am the plaintiff in the above-captiuned case.

        2. I am currently incarcerated at Wisconsin Secure Program Facility ("W.S.P.F."),

        3. On April 17, 2019, Wand was granted leave to proceed on the claims that the defendants violated

his rights under the Eighth Amendment and state law by delaying or failing to provide adequate Medical care for his appendicitis, ruptured appendix, and subsequent complications, and for cancelling his follow up appointment and failing to reschedule them. (Dkt. 16).

4. On January 16, 2020, Patterson filed a Motion for Summary Judgment on Exhaustion grounds. (Dkt. 102).

5. On June 2, 2020, this court Granted Patterson's Motion for Summary Judgment on Exhaustion grounds.

6. If a plaintiff improperly includes in his §1983 action a claiming challenging the fact or duration of confinement, the district should dismiss the claim without prejudice. The dismissal is required to be without prejudice so that the plaintiff may reassert his claims should he later succeed in invalidating his claims. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

7. In the same order on June 2, 2020, "However, Wand's failure to include any allegations suggesting that he had a problem with how WSPF staff handled his treatment once he returned from the

the hospital does preclude his proceeding on that claim in this lawsuit, including against Patterson".

8. Wand raised claims against Patterson, McArdle, and Waterman for how they mishandled his treatment after Wand returned to W.S.P.F.

9. Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in defendant's answer or in a in an amendment thereto, and a district courts decision to override a defendant's deliberate waiver of a limitations defense would be an abuse of discretion.

10. If the state intelligently chooses to waive a limitations defense, a district court is not permitted to disregard that choice Day v. McDonough, 547 U.S. 198, 210 n. 11, 126 s ct. 1675, 164 L. Ed. 2d 376 (2006).

11. A statue of limitations defense is not jurisdictional hence courts are under no obligation to raise the timebar sua sponte.

12. On December 10, 2019, the court

3-

granted McArdles Motion for summary judgment and Wand's Claim against McArdle are dismissed without prejudice. (dkt. no. 75).

13. If a plaintiff improperly includes in his § 1983 action a claim challenging the fact or duration of confinement, this district court should dismiss the claim without prejudice. This dismissal is required to be without prejudice so that the plaintiff may assert his claims should he later succeed in invalidating his claims. Sheldon v. Hundley, 83 F 3d 231, 233 (8th Cir 1996); Trimble v. Santa Rosa, 49 F 3d 583, 586 (9th Cir, 1995).

14. On April 8, 2020, Wand filed a inmate ~~complaint~~ complaint regarding how McArdle handled the removal of my staples before my follow up appointment.

15. On April 10, 2020, Wand's complaint was acknowledged;

16. On April 10, 2020, it was recommended that my complaint be dismissed, J. Payne the ICE misinterpreted my complaint as challenging the courts dicision.

17. On April 10, 2020, Gary Boughton decision

to dismiss my inmate complaint.

18. On April 19,2020, I appealed the dismissal of the inmate complaint.

19. On April 22,2020, ICE Acknowledged receiving my inmate complaint.

20. On April 22,2020, corrections complaint examiners recommendation was to dismiss my appeal based on the misinterpetation that I was challenging the courts decision.

21. On April 27,2020, from the office of the secretary ~~come~~ the decision was to dismiss my appeal.

22. On April 29, 2020, I filed a motion for Relief from the judgment of dismissal. (dkt. no.132).

23. Rule allowing Relief from final judgment does allow relief from final judgment on account of mistake, and, rule may be invoked for correction of judicial error, but only to recitfy obvious error of law, apparent on the record, and thus it may be employed when judgment obviously

-5-

conflicts ~~with~~ With clear statutory
Mandate or When judicial error involves
fundamental misconception of law. Fed. R. Civ. P.
60(b). HILL V. McDERRMOTT INC., 827 F. 2d
1040 U.S. APP. (5th cir. 1987).

24. On June 2, 2020, the court denied
My Motion for relief from judgment, based on the
was over two years ago.

25. I am a layman not skilled in the
law. Unlike attorneys who went through four
years of law school, passed the bar exam. I did
not. It took Me over two years to exhaust the
aministrative remedies is because it took me
that long to learn i have to exhaust on each party
and issue. There is still alot that I do not know
about.

26. A person that deprives prisoners
of basic sustenance; including adequate Medical
care, is incompatible With the concept of
human dignity and has no place in civilized society.

27. If government fails to fulfill
its obligation to provide basic sustenance
to prisoners the courts have a responsibility
to remedy the resulting Eighth Amendment violation.

-6-

27. While courts Must be sentive to the state's interest in punishment, deference, and rehibilation, as wey as the need for deference to experienced and expertise prison administrators faced with difficult and dangerous task of housing large Members of convicted criminals, courts nevertheless Must not shrink from their obligations to enforce the constitutional rights of all persons, including prisoners, and courts May not allow constitutional violations to continue simply because a remedy would involve intrusion in to the relm of prison administration.

28. I submit this affidavit in support of My appeal and requesting the court allow Me to proceed without prepaying of fees and/or cost.

Dated this 29th day of June.

Arm Ward III
Armin Ward III

Subscribed and sworn to before Me this 29th day of June 2020
Travis Hudson
Notary Public, State of Wisconsin
My Commission exspire 8/13/2021

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CERTIFICATE OF SERVICE

Case Name: ARMIN Wand III V. BECKEY KRAMER,
et al.,
Case No. 18-CV-500-WMC

I hereby certify that on June 29, 2020 I placed the following documents in the institutions Mail box to be electronically filed With the United States District Court for the Western District of Wisconsin by using the CM/ECF System:

- NOTICE OF APPEAL

- AFFIDAVIT OF ARMIN WAND, III
- PETITION AND AFFIDAVIT TO PROCEED WITHOUT PREPAYMENT OF FEES AND/OR COST
- INMATE TRUST ACCOUNT FOR THE PAST 6 MONTHS

Armin Wand III