IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                ORDER

       Plaintiff,

   v.

                18-cv-500-wmc

BECKEY KRAMER,

       Defendant.

---

*Pro se* plaintiff Armin Wand, III is proceeding to trial in this civil action under 42 U.S.C. § 1983, on Eighth Amendment deliberate indifference and Wisconsin negligence claims against defendants Leonard Johnson and Becky Kramer. In particular, Wand challenges defendants' handling of his need for medical care related to his appendicitis in February of 2018. At plaintiff's request, the court has recruited counsel Stephen Eisenberg of the Eisenberg Law Offices for the limited purpose of representing plaintiff at least through the mediation process. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter counsel's appearance as plaintiff's *pro bono* counsel.

Plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously his interests, just as they do for other clients. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff

must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end that representation, but he should be aware that it is highly unlikely that the court will recruit a second attorney to represent him. Similarly, should mediation not be successful, Attorney Eisenberg and his firm may discontinue their representation or continue representing plaintiff through trial, at their sole discretion. Finally, Attorney Eisenberg (or another attorney at his firm assigned principal responsibility for this representation) may ask plaintiff to enter into a separate, private contract with respect to their representation. The terms and substance of that agreement is solely between plaintiff and his counsel, except that a failure to agree on terms may constitute a further basis for counsel to withdraw.

ORDER

IT IS ORDERED that the clerk's office enter Stephen Eisenberg of the Eisenberg Law Offices as plaintiff's *pro bono* counsel of record for the limited purpose of assisting

plaintiff with mediation. When these purposes have been served, counsel should inform the court and may then move to withdraw from future representation, unless he wishes to continue his representation of plaintiff.

Entered this 10th day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge