IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

   v.

LEONARD JOHNSON and BECKEY KRAMER,

                Defendants.

OPINION AND ORDER

18-cv-500-wmc

---

*Pro se* plaintiff Armin Wand, III, is proceeding to trial in this civil action under 42 U.S.C. § 1983 on claims of deliberate indifference and negligence against defendants Leonard Johnson and Becky Kramer. The trial schedule was recently reset following recruited counsel being allowed to withdraw. Wand has now filed a motion for additional assistance in recruiting new pro bono counsel *or* for recruitment of multiple experts, because of the difficulty he will have proving his claims proceeding to trial (dkt. #235), and a motion asking that the court reset his expert disclosure deadline. (Dkt. #242.) The court will deny this motion for recruitment of counsel or an expert, grant his motion to reset his expert disclosure deadline, as well as *sua sponte* correct an error in its summary judgment opinion and order.

Wand is proceeding to trial on Eighth Amendment deliberate indifference claims against Wisconsin Department of Corrections Officer Johnson and Nurse Kramer, both of whom allegedly delayed treating him for appendicitis in February of 2018, causing him unnecessary pain and an infection resulting from the appendectomy. In particular, Wand claims that he told Johnson on February 12, 2018, that he was in severe pain, and Johnson ignored him. Wand further claims that when Nurse Kramer examined him on February 13, he reported symptoms that should have alerted her to the possibility of appendicitis,

but Kramer treated him for the flu instead, and when his symptoms worsened considerably on February 14, he was rushed to the hospital and underwent an appendectomy. Wand also claims to have subsequently experienced complications due to an abscess and infection, and wishes to retain experts to prove his claims against Johnson and Kramer.

Despite previously granting Wand's motion for recruitment of counsel, the court noted that the most crucial evidence related to his claims against defendants were likely to be what Wand himself told each of them and their individual responses. Having recruited counsel for Wand, who has since withdrawn after an opportunity to consider the merits of his claims and whether recruitment of an expert might be warranted, the court is even more inclined to question whether an expert is necessary for plaintiff's claims, for at least two reasons. First, Wand does not need an expert to present the evidence most crucial to his claims: he can testify about his interactions with Johnson and Kramer; and he can cross-examine each of them about those interactions. Second, although Wand has not disclosed an expert witness in this lawsuit, Wand may both challenge and elicit expert testimony from defendant Kramer, who is a registered nurse and who defendants have disclosed as an expert witness with knowledge about nursing protocols that apply to Wand's claims. (Dkt. #140.) Indeed, if he wishes, the court will permit Wand to question Kramer as an adverse expert, so that he can establish the appropriate standard of care and nursing protocols associated with treating a patient with the symptoms Wand claims he reported. Although not a perfect solution, this appears the best path forward, given recruited counsel's declining to pursue an expert further and the likelihood that an expert's opinion

would not differ as to the basic standard of care from that of Nurse Kramer.[1]  Wand may take this approach, or he may continue attempting to recruit an expert on his own. Assuming that Wand will need time to consider his options, the court will reset Wand's expert disclosure deadline to **January 7, 2022.**[2]

Wand also says an expert or recruitment of counsel is necessary to explain his speech impediment to the jury, and because he is legally blind, requiring him to hold written materials close to his face when he is reading.  However, Wand's physical limitations have nothing to do with his desire to recruit a medical expert and by themselves do not justify recruitment of another pro bono counsel:  the court will grant Wand the time and leniency he needs to explain himself and present his case in a fair way and will instruct the jurors about the nature of Wand's limitations, as well as explain both at voir dire and during trial that these limitations must not interfere with their consideration of the evidence.  Wand is otherwise quite capable, having litigated this case aggressively and demonstrated a clear understanding of the applicable legal standards and this courts procedures.  Further, to assist his preparations, the court will be issuing a Trial Preparation Order, which will set forth the chronology of the trial, Wand's burden of proof, and the types of evidence he may use to prove his claims.  Based on the court's prior interactions with Wand, Wand appears more than capable of representing himself with this guidance.

Finally, the court must correct an error in its summary judgment opinion and order.

---

[1]  Finally, if plaintiff were still able to locate a qualified medical expert to opine in this matter, the court would consider providing some, limited compensation for his or her time from the court's pro bono fund.

[2]  If the parties need additional time to conduct discovery based on Wand's disclosures, the court will extend the discovery cut-off as appropriate.

The court granted defendants' motion for summary judgment on Wand's Wisconsin negligence claims against Johnson and Kramer on the ground that Wand failed to follow Wisconsin's notice of claim requirements set forth in Wis. Stat. § 893.82.  (*See* dkt. #216, at 18.)  However, medical malpractice claims are specifically excluded from this notice of claim requirement.  *See* § 893.82(5m).  Since Wand's claim against Kramer involved her use of medical judgment, the court will reinstate his negligence claim against Kramer alone.

## ORDER

IT IS ORDERED that:

1) Plaintiff Armin Wand's sixth motion for assistance in recruiting counsel and an expert witness (dkt. #235) is DENIED.

2) Plaintiff's motion to reset the expert disclosure deadline (dkt. #242) is GRANTED.  Wand's expert disclosure deadline is now **January 7, 2021.**

3) Plaintiff's Wisconsin negligence claims against defendant Kramer is REINSTATED.

Entered this 23rd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge