IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

   v.

LEONARD JOHNSON and
BECKEY KRAMER,

                Defendants.

ORDER

18-cv-500-wmc

---

*Pro se* plaintiff Armin Wand is proceeding to trial on May 23, 2022, against defendants Leonard Johnson and Beckey Kramer, on Eighth Amendment deliberate indifference and Wisconsin negligence claims related to their handling of Wand's reports of symptoms of appendicitis. Consistent with the pretrial deadlines, Wand has submitted a witness list (dkt. #283), as well as multiple motions asking that the court issue subpoenas for the appearance of 17 unincarcerated witnesses (dkt. #256, 262, 267, 268, 272), and writs of habeas corpus testificandum for 12 incarcerated witnesses (dkt. #257, 261, 271, 299). Although Wand's submissions were timely, he does not include all the information required by the Trial Preparation Order, and given that he has disclosed *35* witnesses, the court is concerned that Wand has included undisclosed, cumulative or unnecessary witnesses. Therefore, the court will: (1) deny Wand's current motions for subpoenas and writs without prejudice; *and* (2) direct Wand to submit no later than May 3, 2022, renewed motions for subpoenas and writs, a revised witness list and an *ex parte* document providing more details about each witness's proposed anticipated testimony, also by May 3rd.

In preparing his revised submissions, Wand does not need to re-file declarations from his proposed incarcerated witnesses. However, in deciding which witnesses to include in his revised submissions, Wand should consider the following:

- The court does not intend to permit Wand to call duplicative or cumulative witnesses, or witnesses with irrelevant information. Additionally, for witnesses whose testimony will relate *only* to Wand's damages, it is unlikely that the court will allow Wand to call any individuals who do not have *contemporaneous* knowledge of his injuries. In other words, Wand should include *only* witnesses who can testify about: (1) Wand's interactions with the two defendants; or (2) Wand's injuries immediately before, during or immediately after, his hospital stay.
- For each unincarcerated witness Wand seeks to subpoena, he must remit to the court a check *at the time Wand renews his request*. Each check must be made out to the witness and cover: (1) the witness fee ($40 per day for each witness); (2) the cost of each witness's mileage to and from the court (at a rate of $0.56 per mile); and (3) if a witness has to appear for more than one day, an additional per diem of $192.
- For incarcerated witnesses, given the immense burden that transporting even one incarcerated witness places on the Wisconsin Department of Corrections, the court is not inclined to grant more than one, or possibly two, renewed requests for a writ of habeas corpus testificandum. Rather, the

court intends make arrangements with prison officials and the parties to have incarcerated witnesses available to testify via videoconference.

Once the court receives this information from Wand, the court will promptly issue a follow-up order resolving any renewed motions for subpoenas and writs.

ORDER

IT IS ORDERED:

1) Plaintiff Armin Wand's motions for subpoenas and writs of habeas corpus ad testificandum (dkt. ##256, 257, 261, 262, 268, 271, 272, 299) are DENIED without prejudice.

2) By **May 3, 2022,** plaintiff Armin Wand is DIRECTED to (1) renew his motions for subpoenas and writs of habeas corpus ad testificandum and (2) submit the following to the court:

    a) A revised witness list that narrows the witnesses Wand intends to call to *only* individuals who (1) witnessed Wand's interactions with defendant Johnson and/or defendant Kramer, or (2) have personal knowledge of the extent of Wand's damages.

    b) An *ex parte* filing that details as to *each* witness on Wand's revised list, (1) a general outline of that witness's anticipated testimony, (2) the contact information for that witness, if known, and (3) whether Wand timely disclosed that witness in accordance with Federal Rule of Civil Procedure 26(a)(1).

3) For his renewed motions requesting subpoenas, Wand must also remit a separate check for each requested subpoena, made out to each witness, which covers the daily witness fee, mileage and a per diem, as necessary. **If the court denies any motion for a subpoena, the corresponding check for that witness will promptly be returned to Wand.**

Entered this 26th day of April, 2022.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge