IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

v.

LEONARD JOHNSON and
BECKEY KRAMER,

                Defendants.

OPINION and ORDER

18-cv-500-wmc

---

*Pro se* plaintiff Armin Wand is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF") and proceeding to trial on May 23, 2022, on claims under the Eighth Amendment and Wisconsin tort law related to defendants' handling of his appendicitis in February of 2018. This order will resolve appearance issues remaining after receipt of Wand's revised witness list (dkt. #348) and accompanying *ex parte* submission detailing the nature of his proposed witnesses' testimony. The court will grant in part, deny in part, and reserve in part Wand's (1) renewed motions for issuance of 12 subpoenas (dkt. ##328, 329, 353), (2) motions for writs of habeas corpus ad testificandum for 2 incarcerated witnesses (dkt. ## 350, 351), and (3) motion asking that 2 incarcerated witnesses appear via videoconference (dkt. #352).

I.  Motions for issuance of subpoenas (dkt. ## 328, 329, 353)

Wand has reduced his requests for subpoenas from 17 to 12, and he has submitted money orders for the in-person appearances of those witnesses. Wand now seeks subpoenas for:

- John Kussmaul, Jeremy McDaniel and Logan Lathrop, WSPF correctional officers who placed calls to the Health Services Unit ("HSU") for Wand while he was reporting severe stomach pain and related symptoms in February of 2018.

- John Hackett, also a WSPF correctional officer, who was working in the HSU on February 13 and 14.

- Matthew Rieck is a WSPF correctional officer who would testify about his observations of Wand on February 13 and 14.

- Shawn Funk is another WSPF correctional officer who escorted Wand to the emergency room on February 14 and allegedly had a conversation with Wand.

- Nicole Loomis is a WSPF correctional officer who called the HSU for Wand on February 14, 2018, and escorted him to the hospital that day, and then later to UW Hospital.

- Joseph Belz is a WSPF correctional officer assigned to watch over Wand, who allegedly had a conversation with Wand.

- Jodie Eckert is a nurse who treated Wand at Gunderson Boscobel Hospital and can testify to the applicable standard of care.

- Justin Enright is a registered nurse who treated Wand at UW Hospital and can detail the applicable protocols for treating a patient reporting stomach pain and vomiting.

- Sarah Martin is an MPAA at WSPF who can authenticate certain documents.

2

- Mary Miller is a nursing supervisor at WSPF who could testify about HSU procedures.

The court might be inclined to issue subpoenas for the in-person testimony of Kussmaul, McDaniel and Lathrop, since each of them can testify to Wand's pain between February 12 and 14 of 2018, or shortly after his return from the hospital. As for Loomis and Funk, it appears these two correctional officers can testify to the extent of Wand's pain at the hospital, so the court might be inclined to grant Wand's request for a subpoena for these officers as well. However, before choosing which officers will testify, the court will ask for input from defense counsel, **by Friday May 6, 2022,** as to which of these witnesses will appear voluntarily, via videoconference. If voluntary appearance is not possible, the court likely will grant Wand's request to subpoena these five correctional officers for in-person testimony.

However, the court will deny Wand's request for subpoenas for Correctional Officers Rieck, Hackett and Belz, since Wand's submission do not indicate that they can provide unique testimony about (1) Wand's interactions with either defendant, or (2) Wand's injuries because of the delayed treatment for his appendicitis. As for Martin and Miller, Wand has not provided a sufficiently detailed description of the information they would provide, and the court does not expect Wand to have difficulty authenticating his medical records through the other witnesses or by agreement with defense counsel. Accordingly, the court will deny the requests to subpoena Martin and Miller. Similarly, Wand filed subpoena forms for Annette Colsci and Jaclyn Patterson as well (*see* dkt. ##328, 328-1), but no separate money orders. Since these witnesses are not included in

Wand's revised witness list, the court will also deny Wand's requests for subpoenas for these two witnesses as withdrawn.

Finally, the court will issue subpoenas for Eckert and Enright, in large part since Wand disclosed them as his expert witnesses. (Dkt. #266.) Both can testify as to the applicable protocols for nurses treating patients with symptoms of appendicitis. Additionally, Eckert may be able to testify to the extent of Wand's injuries, since she treated him at the hospital and can speak to his degree of pain upon his arrival at the hospital. Enright appears to have been working at UW Hospital, where Wand was transferred after he suffered from an infection at Gunderson. Although ultimately the court might limit Enright's testimony with respect to Wand's treatment at the hospital because it is so attenuated from defendants' interactions with Wand, the court is willing to issue this subpoena so that she can establish the applicable standard of care and buttress his theory of his claims against Kramer. Therefore, the court will grant Wand's request for subpoenas for these two witnesses, **although Wand is advised that because he does not have current contact information for either witness, they might reside outside of this court's subpoena power.**

II. **Motions regarding incarcerated witnesses (dkt. ##350, 351, 352)**

Wand reduced the number of incarcerated witnesses he wishes to testify in person from 12 to 2. Wand's two proposed, in-person incarcerated witnesses are Timothy Lant and Samuel Cannon. **Timothy Lant** can testify to his observations of Wand. Lant submitted a declaration earlier in this lawsuit in which he attested that he spoke with

Wand on February 13, who told him that HSU staff had treated him for the flu. (Dkt. #182.) Lant further attested that between February 13 and 14, he interacted with Wand, who appeared to be in a lot of pain. This testimony is at least relevant to Wand's claim of injury, so the court will grant this motion. **Samuel Cannon** can testify to his observations of Wand. This testimony appears duplicative of Lant's, so the court is denying his request for Cannon's in-person appearance given the challenges of transport, but he may be called to testify by videoconferencing.

Wand further requests that inmates Jason Reed and Andre Robinson appear by videoconference. (Dkt. #352.) **Reed,** who currently is incarcerated at Racine Correctional Institution ("Racine"), has knowledge about Wand's claims in this case and in particular, saw Wand during the days when he was experiencing stomach pain. (Dkt. ##184, 316.) It does not appear that Reed has knowledge of Wand's interactions between Johnson and Kramer, but Reed's testimony can also corroborate Wand's and Lant's testimony about the pain he suffered while waiting for treatment. Therefore, the court will grant this request and direct the clerk of court to make arrangements with Racine officials for Reed's testimony via videoconference.

**Robinson** currently is incarcerated at Green Bay Correctional Institution ("Green Bay") and can testify about Wand's general interactions with WSPF staff. Robinson also submitted a declaration in this case suggesting that he has knowledge of Wand's pain on February 14, before he went to the hospital. (*See* dkt. #181.) This testimony is duplicative of Lant's and Reed's testimony, so the court will deny Wand's motion as to Robinson.

Finally, before submitting his revised witness list, Wand also renewed his motions

for writs for the appearances of seven other incarcerated witnesses. (Dkt. ## 315, 316, 317, 318, 319, 320, 321.) However, since these witnesses are not listed on Wand's revised witness list, and Wand has asked that one of those witnesses appear via videoconference, the court considers these motions as withdrawn and denies them for that reason as well.

ORDER

IT IS ORDERED:

1) Plaintiff Armin Wand's petition for writ of habeas corpus ad testificandum for Hakim Naseer, Jason Reed, Jammie Yerks, Donald Gorshek, Marcellous Walker, Antwan Hopson and Anthony Heard (dkt. ## 315, 316, 317, 318, 319, 320, 321) are DENIED as withdrawn

2) Plaintiff's petition for writ of habeas corpus ad testificandum for Timothy Lant (dkt. #350) is GRANTED.

3) Plaintiff's petition for writ of habeas corpus ad testificandum for Samuel Cannon (dkt. #351) is DENIED.

4) Plaintiff's motions for issuance of subpoenas (dkt. ##328, 329, 353) are:

   a) GRANTED as to Jodie Eckert and Justin Enright.

   b) DENIED as to Annette Colsci, Jaclyn Patterson, John Hackett, Matthew Rieck, Joseph Belz, Mary Miller and Sarah Martin.

   c) RESERVED as to John Kussmaul, Jeremy McDaniel, Logan Lathrop, Shawn Funk and Nicole Loomis. **By May 6, 2022, defense counsel shall notify the court whether John Kussmaul, Jeremy McDaniel,**

**Logan Lathrop, Nicole Loomis and Shawn Funk will appear to testify at trial voluntarily via videoconference.**

5) Plaintiff's motion for appearance by videoconference (dkt. #352) is GRANTED as to Jason Reed and DENIED as to Andre Robinson.

6) The clerk of court is DIRECTED to:

   a) Issue subpoenas for the in-person testimony of Nurses Jodie Eckert and Justin Enright for trial on **Monday May 23, 2022,** to arrive at the courthouse no later than 10:30 a.m., and forward them to the U.S. Marshal for service, along with plaintiff's payment for each witness.

   b) Issue a writ of habeas corpus ad testificandum for the appearance of Timothy Lant for trial on **Monday May 23, 2022**, to arrive at the courthouse no later than 11:30 a.m.

   c) Make arrangements with officials at Racine Correctional Institution, where Inmate Jason Reed is incarcerated, for his videoconference testimony at trial on **Monday May 23, 2022**.

Entered this 4th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge