IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

   v.

LEONARD JOHNSON and
BECKEY KRAMER,

                Defendants.

OPINION & ORDER

18-cv-500-wmc

---

This morning, May 20, the Friday before the beginning of the trial of this matter, defendants' attempt to interpose an untimely, "Supplemental Objection to Plaintiff's Exhibits 13, 30-32." (Dkt. #394.) Apparently, this submission was in response to the court's limited invitation at a second hearing on trial exhibits held telephonically on Wednesday, May 18, to both sides to propose *deletions* of pages in plaintiff's medical records produced by Gunderson Hospital and UW Hospital medical bills -- plaintiff's exhibits 30 and 32. However, this was *not* an invitation to interpose new evidentiary objections to those records, which have now been the subject of two deadlines for written objections and formal subsequent hearings on those objections in advance of trial to avoid this very kind of late objection which might interrupt the trial itself. Accordingly, the court is not inclined, and indeed is strongly disinclined, to start parsing portions of specific entries in the medical records based on new objections to those records because they may contain some hearsay or provider medical opinions or impressions, which are the *new* grounds raised with respect to both Exhibit 13 and Exhibits 30 through 32. Indeed, the

*only* objections to any of these exhibits interposed by defendants until today were addressed in defendants' MIL 1 and 2.

In addition, the court is uncertain as to why defendants believed that they had *any* basis to ask for deletions to plaintiff's Exhibits 13 (the WSPF internal medical records of the Department of Corrections related to the plaintiff) or Exhibit 31 (WSPF's off-site Service and Report), neither of which were even the subject of discussion for deletions on Wednesday. Regardless, again, the court only gave the parties the opportunity to propose removing entire entries and preferably pages, from the outside medical records, which *pro se* plaintiff obviously understood and properly proposed in his timely submission today. (Dkt. #392.)

Even if the court were to indulge defendants' counsel unreasonably late, specific objections to entries in these medical records, there are a number of reasons the bulk of those objections would be rejected at this point, not least of which is the fact that the plaintiff is operating *pro se* and, even more than the court, should not have to make last-minute adjustments in his trial preparations based on late-filed objections by counsel. Indeed, even now, counsel has simply interposed wholesale objections to unspecified entries in a three-page "objection," while failing to provide *examples* of objectionable material, much less provide specific proposed deletions. And having waited, there is *no* time to do the actual line-by-line analysis of these records that their late objections would require.

Finally, to the extent defendant's timely objections based on hearsay and to medical providers opinions under Federal Rules of Evidence 803(4) *might* be well taken,

defendants themselves acknowledge, those records are also subject to exception rule under Rule 803(6) as records of regularly conducted activity. In the case of both Gunderson Clinic and UW Hospital in particular, the records produced all fall squarely within this exception, both as to the making of the health care records during or almost immediately after providing care and the obvious reliability and trustworthiness of the observations made by each medical staffs, as well as both institutions' desire to accurately record and preserve the nature of that treatment within a short period of time of the actual events. The only possible exception to this hearsay exception would be to exhibit 13, where the records appear to contain some hearsay statements of outside vendors. Even to these few entries, which the court is wholly disinclined to begin trying to pick out specific statements, would have to be redacted page by page in a new revised version. However, if there are individual statements that appear to be hearsay by an outside vendor -- something that appears simply untrue with respect to Exhibits 30-32 -- but perhaps true with respect to Exhibit 13, defendants should provide a specific, carefully redacted version of that exhibit *no later than* 8:30 a.m. on the morning of the first day of trial, although the court is skeptical of the benefit of such an effort, since almost *all* such hearsay was obviously reported by someone at Gunderson or UW Hospital *and* is easily confirmed from those admitted exhibits anyway.

Regardless, with this limited exception, defendants' supplemental objection to plaintiff's Exhibits 13, 30-32 (dkt. #394) is DENIED.

Entered this 20th day of May, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge